RECEIVED
USDC, WESTERN DISTRICT OF LA
TONY R. MOORE, CLERK
DATE 7/6/12

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

LOUISIANA COLLEGE             DOCKET NO. 1:12-cv-00463

VERSUS

                       JUDGE DEE D. DRELL
                       MAGISTRATE JUDGE JAMES D. KIRK

KATHLEEN SEBELIUS, ET AL

### REPORT AND RECOMMENDATION

Before the court is defendants' motion to dismiss (Doc. 18), referred to the undersigned by the district judge for Report and Recommendation.

On February 18, 2012, Louisiana College filed a lawsuit against Timothy Geithner, the U.S. Dept. of Heath and Human Services, the U.S. Dept. of Labor, Kathleen Sebelius, Hilda L. Solis and the U.S. Dept. of Treasury ("defendants"). At issue is the preventative services coverage regulations of the Patient Protection and Affordable Care Act, Pub. L. No. 111-148, 124 Stat. 119 (2010) as amended by the Health Care and Education Reconciliation Act of 2010, Pub. L. No. 111-152, 124 Stat. 1029 (2010) which requires all group health plans and health insurance issuers that offer non-grandfathered group or individual health coverage to provide coverage for certain preventative services without cost sharing. Louisiana College contends that the requirement that it provide health insurance which covers abortion-inducing drugs and counseling regarding such drugs to its employees violates its sincerely held religious beliefs regarding abortion.

Louisiana College further contends that the regulation's requirement violates the Religious Freedom Restoration Act, 42 U.S.C. §2000(bb), the First and Fifth Amendments and the Administrative Procedure Act, 5 U.S.C. §701, et seq.

On May 11, 2012, defendants filed a motion to dismiss for lack of jurisdiction claiming the case is not ripe and Louisiana College has no standing to pursue the matter. Specifically, defendants allege Louisiana College has not sustained an injury nor is it in imminent danger as it is covered by the Temporary Enforcement Safe Harbor ("safe harbor"). Additionally, forthcoming amendments will be enacted prior to the expiration of the safe harbor that will address Louisiana College's concerns and exempt it and other religious organizations from having to provide preventative services coverage (Doc. 18).

On June 1, 2012, Louisiana College, filed an unopposed motion for extension of time to oppose the motion to dismiss and to amend its complaint (Doc. 24). The motion was granted by the district judge on June 4, 2012 (Doc. 25) and on June 11, Louisiana College filed both an amended complaint and its response to the motion to dismiss (Doc. 28 and 29). In the response to the motion to dismiss, Louisiana College argues the motion to dismiss should be denied as moot in light of the filing of the amended complaint.

A cursory review of the amended complaint reveals Louisiana College has asserted allegations which would challenge the bases of

the motion to dismiss. For example, it alleges that it is not covered by the safe harbor and would be required to provide preventative services coverage as early as January 1, 2013. Accordingly, the undersigned agrees with Louisiana College that the proper course of action it to deny the motion to dismiss as moot. Thereafter, defendants can determine whether a motion to dismiss the amended complaint should be filed.

## Conclusion

IT IS RECOMMENDED that defendants' motion to dismiss (Doc. 18) be DENIED as MOOT.

IT IS FURTHER RECOMMENDED that defendants be allowed file a motion to dismiss pertaining to the amended complaint if warranted.

## OBJECTIONS

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed.R.Civ.P. 72(b), the parties have fourteen (14) calendar days from service of this Report and Recommendation to file specific, written objections with the clerk of court. No other briefs or responses (such as supplemental objections, reply briefs etc.) may be filed. Providing a courtesy copy of the objection tot he magistrate judge is neither required nor encouraged. Timely objections will be considered by the district judge before he makes his final ruling.

**FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS, CONCLUSIONS, AND RECOMMENDATIONS CONTAINED IN THIS REPORT WITHIN**

FOURTEEN (14) CALENDAR DAYS FROM THE DATE OF ITS SERVICE SHALL BAR AN AGGRIEVED PARTY, EXCEPT UPON GROUNDS OF PLAIN ERROR, FROM ATTACKING ON APPEAL THE UN-OBJECTED-TO PROPOSED FACTUAL FINDINGS AND LEGAL CONCLUSIONS ACCEPTED BY THE DISTRICT JUDGE.

THUS DONE AND SIGNED at Alexandria, Louisiana on this _____ day of July, 2012.

JAMES D. KIRK
UNITED STATES MAGISTRATE JUDGE