IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

| | |
|---|---|
| LOUISIANA COLLEGE,        ) | |
| )                         | |
| *Plaintiff*,              ) | |
| )                         | |
| v.                        ) | Case No. 1:12-cv-00463 |
| )                         | JUDGE:   Dee D. Drell |
| KATHLEEN SEBELIUS, in her official capacity ) | MAGISTRATE:   James D. Kirk |
| as Secretary of the United States Department of ) | |
| Health and Human Services; THOMAS E. ) | |
| PEREZ, in his official capacity as Secretary of ) | |
| the United States Department of Labor; JACOB ) | |
| J. LEW, in his official capacity as Secretary of ) | |
| the United States Department of the Treasury; ) | |
| UNITED STATES DEPARTMENT OF ) | |
| HEALTH AND HUMAN SERVICES; UNITED ) | |
| STATES DEPARTMENT OF LABOR; and ) | |
| UNITED STATES DEPARTMENT OF THE ) | |
| TREASURY,                 ) | |
| )                         | |
| *Defendants*.             ) | |
| )                         | |

**PLAINTIFF'S UNCONTESTED MOTION TO WITHDRAW
PENDING MOTION FOR PRELIMINARY INJUNCTION**

Plaintiff Louisiana College ("the College"), by and through counsel, hereby moves this Court (a) for permission to withdraw its pending motion for preliminary injunction (Doc. # 94); (b) to vacate the order setting a hearing on that motion (Doc. # 101); (c) to proceed to ruling on the parties' cross-motions for summary judgment and Defendants' motion to dismiss without oral argument; (d) for leave to file a new motion for preliminary injunction in the event the preliminary injunction granted in *Reaching Souls International, Inc. v. Sebelius*, No. 5:13-cv-01092 (W.D. Okla. Dec. 20, 2013), is dissolved, vacated, reversed on appeal, or otherwise modified in a manner that adversely impacts the College's interests; and (e) to preliminarily enjoin application of the challenged regulations to the College's employee health insurance plan during the pendency of any such new motion for preliminary injunction.

1

1. On December 2, 2013, the College moved this Court for an order preliminarily enjoining Defendants from applying the challenged regulations to its employee health insurance plan. (Doc. # 94). The College requested that the Court rule on the motion prior to the January 1, 2014, beginning of its next employee plan year. The original deadline for Defendants' opposition to this motion was December 23, 2013.

2. On December 20, 2013, this Court entered an order setting January 6, 2014, as the deadline for Defendants' opposition to the College's preliminary injunction motion. (Doc. # 101). That same order set January 13, 2014, as the deadline for the College's reply. It also scheduled a hearing on the motion for January 17, 2014.

3. On December 20, 2013, the United States District Court for the Western District of Oklahoma issued a preliminary injunction in *Reaching Souls International, Inc.,* et al. *v. Sebelius*, No. 5:13-cv-01092. [The court's memorandum decision and order is attached hereto as Exhibit #1.] Among the plaintiff-movants was GuideStone Financial Resources of the Southern Baptist Convention ("GuideStone"). GuideStone sponsors a group health plan that "provides group health benefits on a self-insured basis for organizations associated with the Southern Baptist Convention, which share its religious views regarding abortion and contraception, and rely on GuideStone to provide coverage consistent with those views." (ECF #67 at 2).

4. Louisiana College is one of the organizations that participates in the GuideStone plan. In other words, the College's employees and their participating dependents receive health insurance coverage through the GuideStone plan.

5. The Western District of Oklahoma's preliminary injunction provides in pertinent part as follows:

> Defendants, their agents, officers, and employees are hereby enjoined and restrained from taking any enforcement action against Plaintiffs, *or any employers who provide medical coverage to employees under the GuideStone Plan and who are "eligible organizations"* as defined by 26 C.F.R. § 54.9815-2713A(a), 29 C.F.R. § 2590.715-2713A(a), and 45 C.F.R. § 147.131(b), for not providing coverage for contraceptive services

> as required by 42 U.S.C. § 300gg-13(a)(4) and related regulations, including any penalties, fines and assessments for noncompliance with that statute, until further order of the Court.

(ECF # 67 at 16) (emphasis added).

6. The College is an "employer[] who provide[s] medical coverage to employees under the GuideStone Plan and who [is an] 'eligible organization'" able to invoke the "accommodation" described in the cited regulations.

7. As a consequence, the College is currently protected by the preliminary injunction entered by the Western District of Oklahoma in the *Reaching Souls* case. The College accordingly believes that it is unnecessary for this Court to adjudicate its preliminary injunction motion at this time.

8. It therefore respectfully requests this Court's permission to withdraw its motion, and to relieve the parties of the obligation of further briefing of this motion, and to vacate the hearing scheduled for January 17, 2014. Counsel for Defendants consents to the motion to withdraw, and joins in the College's motion to relieve the parties of the obligation of further briefing on this motion and to vacate the scheduled hearing.

9. The parties' cross-motions for summary judgment and Defendants' motion to dismiss are ripe for decision by this Court.

10. The College respectfully requests leave to file a new motion for preliminary injunction in the event the *Reaching Souls* injunction is dissolved, vacated, reversed on appeal, or otherwise modified in a manner that adversely impacts the College's interests.

11. In the event such a new motion for preliminary injunction becomes necessary, counsel for Defendants has informed the undersigned that Defendants would not oppose the entry of a preliminary injunction that would remain in effect for 30 days in order to give the Court sufficient time to rule on the College's motion for preliminary injunction.

Respectfully submitted this 6th day of January, 2014.

*/s J. Michael Johnson*
*Local Counsel*

*/s Gregory S. Baylor*
Gregory S. Baylor (Texas Bar No. 01941500)
Matthew S. Bowman (DC Bar No. 993261)
ALLIANCE DEFENDING FREEDOM
801 G Street, NW, Suite 509
Washington, DC 20001
(202) 393-8690
(202) 347-3622 (facsimile)
gbaylor@alliancedefendingfreedom.org
mbowman@alliancedefendingfreedom.org

David A. Cortman (Georgia Bar No. 188810)
ALLIANCE DEFENDING FREEDOM
1000 Hurricane Shoals Road, NE, Suite D-1100
Lawrenceville, GA 30043
(770) 339-0774
(770) 339-6744 (facsimile)
dcortman@alliancedefendingfreedom.org

Kevin H. Theriot (Kansas Bar No. 21565)
ALLIANCE DEFENDING FREEDOM
15192 Rosewood
Leawood, KS 66224
(913) 685-8000
(913) 685-8001 (facsimile)
ktheriot@alliancedefendingfreedom.org

J. Michael Johnson (Louisiana Bar No. 26059)
LAW OFFICES OF MIKE JOHNSON, LLC
2250 Hospital Drive, Suite 248
Bossier City, LA   71111
(318) 658-9456
(318) 658-9605 (facsimile)
mike@mikejohnsonlegal.com

*Attorneys for Plaintiff*

## **CERTIFICATE OF SERVICE**

I hereby certify that on January 6, 2014, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system which will send notification of such filing to all counsel of record.

                  *s/ Gregory S. Baylor*