IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

| | |
|---|---|
| LOUISIANA COLLEGE, <br><br> Plaintiff, <br><br> v. <br><br> ALEX M. AZAR II, in his official capacity as Secretary of the United States Department of Health and Human Services; R. ALEXANDER ACOSTA, in his official capacity as Secretary of the United States Department of Labor; STEVEN MNUCHIN, in his official capacity as Secretary of the United States Department of the Treasury; UNITED STATES DEPARTMENT OF HEALTH AND HUMAN SERVICES; UNITED STATES DEPARTMENT OF LABOR; and UNITED STATES DEPARTMENT OF THE TREASURY, <br><br> Defendants. | Case No. 1:12-cv-463 <br> JUDGE: Dee D. Drell <br> MAGISTRATE: James D. Kirk |

**DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION FOR PERMANENT INJUNCTION AND DECLARATORY RELIEF**

**INTRODUCTION**

Plaintiff, Louisiana College, has moved pursuant to Federal Rule of Civil Procedure 65 and 28 U.S.C. § 2201 for entry of a permanent injunction and declaratory judgment in favor of Plaintiff against federal regulations that required Plaintiff to offer coverage of contraceptive services or to comply with an accommodation process whereby its employees would receive coverage through Plaintiff's health insurance issuers or third party administrators. *See* ECF No. 117. Plaintiff's motion should be denied. Plaintiff has not provided any reason to justify altering the final judgment previously entered by this Court in August 2014 (ECF No. 108), much less

one of the limited reasons specified in Federal Rule of Civil Procedure 60 for altering a judgment.  In addition, Plaintiff's request to "extend" the deadline for filing a motion for attorney's fees should be rejected.  The deadline for seeking fees has already expired, and thus, Plaintiff has waived any claim to fees.

## RELEVANT BACKGROUND

On August 13, 2014, this Court granted Plaintiff's motion for summary judgment on its Religious Freedom Restoration Act ("RFRA") claim.  *See* ECF No. 106.  The Court entered final judgment the same day.  *See* ECF No. 107.  On August 14, 2014, the Court entered an Amended Judgment to clarify "a confusing statement" made in the August 13, 2014 Judgment.  ECF No. 108, at 1.  In the Amended Judgment, the Court, among other things, granted Plaintiff's motion for summary judgment as to its RFRA claim and declared the challenged regulations invalid as to Plaintiff.  *See id*.  The Amended Judgment also dismissed Plaintiff's remaining claims as moot and without prejudice.  *See id*. at 2.

On August 25, 2014, Plaintiff moved for an extension of time to file a motion for attorney's fees and nontaxable expenses.[1]  *See* ECF No. 109.  Plaintiff explained that the Court had made clear that it was "entering a final judgment," and, thus, under Federal Rule of Civil Procedure 54(d)(2)(B)(i) and absent a Court order, Plaintiff's motion for attorney's fees would be due no later than 14 days after the entry of judgment.  *Id*. at 1 (quoting ECF No. 106, at 39).  Plaintiff noted that Defendants may appeal the Court's judgment and argued that any fees litigation should be delayed until after the Fifth Circuit disposed of any appeal.  *See id*. at 1-2.  The Court granted Plaintiff's unopposed extension motion and entered an order stating that

---

[1] Plaintiff requested, and the Clerk awarded, taxable costs in September 2014.  *See* ECF Nos. 111-112.

"Plaintiff's motion for attorney's fees and non-taxable expenses shall be due either (a) 21 days after the passage of the deadline for the Government to appeal (in the event the Government elects not to appeal this Court's judgment); or (b) 21 days after the U.S. Court of Appeals for the Fifth Circuit issues the mandate following disposition of the Government's appeal (in the event the Government proceeds with an appeal)."  ECF No. 110.

Defendants subsequently appealed the Court's final judgment but ultimately dismissed that appeal.  On January 5, 2018, the Fifth Circuit issued the mandate dismissing the appeal.  *See* ECF No. 115.  Plaintiff did not file a motion for attorney's fees and nontaxable expenses within 21 days of the issuance of the mandate or otherwise seek to extend the deadline for doing so.

## ARGUMENT

### I. Plaintiff's Motion for Permanent Injunction and Declaratory Relief Should Be Denied Because It Does Not Comply with Rule 60

A final judgment disposing of this case was entered on August 14, 2014.  *See* ECF No. 108.  Thus, to obtain the permanent injunction and declaratory judgment Plaintiff now seeks, Plaintiff must move to amend the final judgment.  There are two avenues for seeking to alter a final judgment—Federal Rules of Civil Procedure 59(e) and 60.  Rule 59(e) requires that "[a] motion to alter or amend a judgment . . . be filed no later than 28 days after the entry of the judgment."  Fed. R. Civ. P. 59(e).  Because the judgment Plaintiff seeks to amend was entered on August 14, 2014, well over 28 days ago, this avenue is no longer available to Plaintiff.  *See Harcon Barge Co. v. D & G Boat Rentals, Inc.*, 784 F.2d 665, 668 (5th Cir. 1986).

The other avenue—Rule 60—permits a court to "correct a clerical mistake or a mistake arising from oversight or omission whenever one is found in a judgment."  Fed. R. Civ. P. 60(a).  It also authorizes a court to "relieve a party . . . from a final judgment" for specified reasons, like inadvertence, surprise, newly discovered evidence, or fraud, or for "any other reason that

3

justifies relief." Fed. R. Civ. P. 60(b).  A party relying on certain of these reasons must file its motion within a year after the entry of the judgment, *see* Fed. R. Civ. P. 60(c)(1)—a deadline that also has passed here.  For other specified reasons, the motion must be made "within a reasonable time."  *Id*.

Plaintiff's motion for permanent injunction and declaratory relief does not cite Rule 60 (or Rule 59(e)).  More importantly, the motion fails to explain how Plaintiff satisfies any of the criteria set forth in Rule 60 for altering a final judgment or why Plaintiff believes it has sought amendment "within a reasonable time." Fed. R. Civ. P. 60(c)(1).  Plaintiff, for example, does not identify any "mistake" in the judgment or suggest that the judgment is "void" or "has been satisfied." Fed. R. Civ. P. 60(a), 60(b)(4)-(5).  Indeed, Plaintiff is not even seeking to be "relieve[d]" from the judgment, Fed. R. Civ. P. 60(b); it is instead seeking different relief.  And Plaintiff does not explain why it believes the final judgment already in place—which invalidates the challenged regulations as to Plaintiff—is inadequate or why Plaintiff could not have requested the relief it now seeks earlier.  Because Plaintiff has not provided any reason—much less an adequate one—for altering the August 14, 2014 Amended Judgment, Plaintiff's motion should be denied.  *See, e.g.*, *Diaz v. Stephens*, 731 F.3d 370, 374 (5th Cir. 2013) (noting that a party seeking relief under Rule 60(b) is "required to show extraordinary circumstances justifying the reopening of a final judgment") (quotations omitted); *Maxwell v. Bexar Cty. Hosp. Dist.*, No. SA-06-CA-368-FB, 2007 WL 9710531, at *1 (W.D. Tex. Aug. 9, 2007) (explaining that a Rule 60 motion is not a "vehicle for rehashing old arguments or advancing theories of the case that could have been presented earlier").

## II. The Court Should Not Revive Plaintiff's Ability to Seek Attorney's Fees and Nontaxable Expenses

Plaintiff's Proposed Order asks the Court to direct that "any petition by Plaintiff for attorneys' fees and costs shall be submitted no later than 45 days from the entry of judgment in this case." ECF No. 117-2, at 3. But the deadline for Plaintiff to file a fee petition already expired—more than six months before Plaintiff filed the instant motion. *See* ECF Nos. 110, 115. The Court should not revive this deadline, particularly where Plaintiff has offered no valid reason to justify its tardiness.

Under Federal Rule of Civil Procedure 54(d)(2)(B), a motion for attorney's fees and nontaxable expenses "must . . . be filed no later than 14 days after the entry of judgment," "[u]nless a statute or a court order provides otherwise." Here, Plaintiff previously sought and obtained an extension of the fee petition deadline. Specifically, the Court ordered that "Plaintiff's motion for attorney's fees and non-taxable expenses shall be due . . . 21 days after the U.S. Court of Appeals for the Fifth Circuit issues the mandate following disposition of the Government's appeal." ECF No. 110. The mandate dismissing Defendants' appeal was issued on January 5, 2018, and thus, Plaintiff's deadline to seek attorney's fees and nontaxable expenses was January 26, 2018. Plaintiff did not file a fee petition by that deadline or otherwise seek to extend the deadline.

The "failure to file" a motion for attorney's fees and nontaxable expenses "within the allotted period" set forth in Rule 54(d) "serves as a waiver of [a party's] claim for attorneys' fees." *United Indus., Inc. v. Simon-Hartley, Ltd.*, 91 F.3d 762, 766 (5th Cir. 1996). Plaintiff thus has forfeited any claim to attorney's fees and nontaxable expenses in this case.

Furthermore, even if Plaintiff could move—and actually had moved—to extend the attorney's fee deadline under Federal Rule of Civil Procedure 6(b)(1)(B), such a motion would

5

fail.  A plaintiff must demonstrate "excusable neglect" in order to revive a deadline that has already passed.  Fed. R. Civ. P. 6(b)(1)(B).  Although plaintiff does not explain why it failed to comply with the attorney's fee deadline or seek an extension of time, the most likely explanation—"[o]versight," "inadvertence," or "mistake" on the "part of counsel"—is "not a viable basis for excusable neglect."  *Atel Mar. Inv'rs, LP v. Sea Mar Mgmt., L.L.C.*, No. CIV.A. 08-1700, 2014 WL 235441, at *10 (E.D. La. Jan. 22, 2014) (citing *McGinnis v. Shalala*, 2 F.3d 548, 550 (5th Cir. 1993)).  Accordingly, the Court should not resuscitate Plaintiff's already-expired deadline to seek attorney's fees and nontaxable expenses.  *See, e.g.*, *United Indus.*, 91 F.3d at 766 (affirming denial of fee award where motion was untimely); *Atel Mar. Inv'rs*, 2014 WL 235441, at *7-*10 (denying untimely motion for attorney's fees and declining to extend deadline).

## CONCLUSION

For all of the foregoing reasons, the Court should deny Plaintiff's motion for permanent injunction and declaratory relief.

Respectfully submitted this 12th day of September, 2018,

        JOSEPH H. HUNT
        Assistant Attorney General

        JENNIFER D. RICKETTS
        Director, Federal Programs Branch

        /s/ Michelle R. Bennett
        MICHELLE R. BENNETT
        Senior Trial Counsel
        United States Department of Justice
        Civil Division, Federal Programs Branch
        20 Massachusetts Ave. NW
        Washington, DC 20530
        Tel: (202) 305-8902; Fax: (202) 616-8470
        Email: michelle.bennett@usdoj.gov

        *Counsel for Defendants*

## **CERTIFICATE OF SERVICE**

I hereby certify that on September 12, 2018, I electronically filed the foregoing with the

Clerk of Court using the CM/ECF system, which sent notice of such filing to all parties.

                                        /s/ Michelle R. Bennett
                                        MICHELLE R. BENNETT