IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

| | |
|---|---|
| LOUISIANA COLLEGE, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| ALEX AZAR, in his official capacity as Secretary of the United States Department of Health and Human Services; R. ALEXANDER ACOSTA, in his official capacity as Secretary of the United States Department of Labor; STEVEN T. MNUCHIN, in his official capacity as Secretary of the United States Department of the Treasury; UNITED STATES DEPARTMENT OF HEALTH AND HUMAN SERVICES; UNITED STATES DEPARTMENT OF LABOR; and UNITED STATES DEPARTMENT OF THE TREASURY, | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) Case No. 1:12-cv-463<br>JUDGE: Dee D. Drell<br>MAGISTRATE: James D. Kirk |
| Defendants. | ) |

**PLAINTIFF'S REPLY BRIEF IN SUPPORT OF MOTION FOR PERMANENT INJUNCTION AND MOTION FOR DECLARATORY RELIEF**

**INTRODUCTION**

In their opposition to the College's motion for permanent injunction, the Defendants argue: (1) that the College's motion should be construed as an effort to alter a judgment under Federal Rule of Civil Procedure 60; (2) that Rule 60 does not permit alteration of the judgment under the circumstances; and (3) that the time for filing a petition for attorneys' fees and costs has passed and should not be extended.

1

The premise underlying all these contentions is that the Court's August 2014 Ruling (Dkt. No. 106) and Amended Judgment (Dkt. No. 108) was a final judgment under Federal of Civil Procedure 54.  That the Defendants embrace that premise is understandable.  But it is incorrect.  It is understandable because the undersigned incorrectly assumed that premise in the College's motion for an extension of time to file its petition for attorneys' fees and costs (Dkt. No. 109), a mistake for which the undersigned apologizes to the Court.

The Amended Judgment (Dkt. No. 108) is not a final judgment under Rule 54 because it did not grant the College any form of relief.  In its Ruling (Dkt. No. 106), the Court concluded that application of the HHS Mandate to the College violated its Religious Freedom Restoration Act rights.  But neither the Ruling nor the Amended Judgment addressed the College's various remedy requests, including for a permanent injunction.  Therefore, no final judgment has yet issued in this case, and it is not necessary for the College to move to amend the judgment to seek a permanent injunction and declaratory judgment under Fed. R. Civ. P. 65 and 28 U.S.C. § 2201.

Because the College's request for an extension of time to file its petition for attorneys' fees (and the Court's order thereon) was based on an incorrect premise, the College respectfully requests that the Court rescind its order on that motion and grant the College's request that its petition for fees and expenses be due 45 days after the Court rules on the instant motion.

## ARGUMENT

### A. The Amended Judgment Did Not Grant the Plaintiffs Any Relief, and Thus Was Not a Final Judgment.

The Defendants' Opposition to Plaintiff's Motion for Permanent Injunction and Declaratory Relief cites several cases in support of their contention that the College must move to amend the Amended Judgment to request a permanent injunction and declaratory judgment, and that the College cannot meet the criteria for such motions under Fed. R. Civ. P. 59(e) or Fed.

R. Civ. P. 60. Dkt. No. 125.[1] But these cases are inapposite: they do not address circumstances like those in this case – that is, where a plaintiff was granted summary judgment on a claim, without being given any actual relief.

Fed. R. Civ. P. 54(c) states that every final judgment (other than a default judgment) "should grant the relief to which each party is entitled, even if the party has not demanded that relief in its pleadings." Fed. R. Civ. P. 54(c). *See also Fielding v. Brebbia*, 399 F.2d 1003, 1005 n.7 (D.C. Cir. 1968) (noting that "the court must in its final judgment grant such relief as the claimant may establish he is entitled to receive[.]") (internal citations omitted).

The rule that final judgments must contain relief applies in the summary judgment context. *Davis v. Romney*, 490 F.2d 1360, 1367 (3d Cir. 1974) (applying Rule 54(c) in the summary judgment context); *Rush Univ. Med. Ctr. v. Leavitt*, 535 F.3d 735, 737 (7th Cir. 2008) (noting that final judgment must include relief in the summary judgment context) ("Unless the plaintiff loses outright, a judgment must provide the relief to which the winner is entitled.").

The Amended Judgment does not contain any relief; it only states how the Court disposed of the cross-motions for summary judgment. The Amended Judgment identifies which regulations are now invalid as to the College, without addressing the College's requests for declaratory judgment and injunctive relief.

Contrary to the Defendants' assertion, the College is not seeking "different relief," Dkt. No. 125 at 4, as it never received any relief in the first place. Without relief, there can be no final judgment. *See United States v. F. & M. Schaefer Brewing Co.*, 356 U.S. 227 (1958);

---

[1] These are the cases cited: *Diaz v. Stephens*, 731 F.3d 370 (5th Cir. 2013); *United Indus., Inc. v. Simon-Hartley, Ltd.*, 91 F.3d 762 (5th Cir. 1996); *Harcon Barge Co. Inc., v. D & G Boat Rentals, Inc.*, 784 F.2d 665 (5th Cir. 1986); *Atel Mar. Inv'rs, LP v. Sea Mar Mgmt., L.L.C.*, No. CIV.A. 08-1700, 2014 WL 235441 (E.D. La. Jan. 22, 2014); *Maxwell v. Bexar Cty. Hosp. Dist.*, No. SA-06-CA-368-FB, 2007 WL 9710531 (W.D. Tex. Aug. 9, 2007).

*Matter of Moody*, 825 F.2d 81, 85 n.5 (5th Cir. 1987) (citing *Stewart v. Kutner,* 656 F.2d 1107, 1110 (5th Cir. 1981) (quoting *City of Louisa v. Levi,* 140 F.2d 512, 514 (6th Cir. 1944))) (noting that a final judgment "is one that disposes of the whole subject, gives all the relief that was contemplated, provides with reasonable completeness, for giving effect to the judgment and leaves nothing to be done in the cause save superintend, ministerially, the execution of the decree.").

Many circuits affirm that a final judgment must include a remedy. *See, e.g., Shannon v. Jack Eckerd Corp.*, 55 F.3d 561, 563 (11th Cir. 1995) (finding that there can be no final judgment if the court has not disposed of all of the plaintiff's claims for relief); *Am. Interinsurance Exch. v. Occidental Fire & Cas. Co. of North Carolina*, 835 F.2d 157, 159 (7th Cir. 1987) (finding that a judgment must be "self-contained and complete . . . It must describe the relief to which the prevailing party is entitled and not simply record that a motion has been granted.") (internal citations omitted); *City of Louisa v. Levi*, 140 F.2d 512, 514 (6th Cir. 1944) ("A final judgment is one which disposes of the whole subject, gives all the relief that was contemplated, provides with reasonable completeness, for giving effect to the judgment and leaves nothing to be done in the cause save to superintend, ministerially, the execution of the decree.") (internal citations omitted).

Similarly, in *Schaefer Brewing*, the Supreme Court found that a judgment accompanying a summary judgment decision did not include sufficient information about the relief granted (including how the interest to which the plaintiff was entitled would be calculated), and therefore that judgment was not a final judgment. *Schaefer Brewing* at 228-29, 232-36.

Although *Schaefer Brewing* differs from the present case in that it was a suit for money damages, the principle nevertheless applies: the College never received a final judgment,

because beyond not providing *sufficient* information about the relief awarded, the Amended Judgment provided no information about relief *at all*.

Therefore, there has been no final judgment in this case, and the College need not move to amend the Amended Judgment to request a permanent injunction. Moreover, the Court must grant whatever relief the Plaintiff is entitled to (which would be true even if the College had not requested it, and the College did so request), now that the College has prevailed on its RFRA claim. *See Burton v. State Farm Mut. Auto. Ins. Co.*, 335 F.2d 317, 320 (5th Cir. 1964) ("As we have many times said, except in the case of a default judgment, the Court is bound to grant whatever relief the facts show is necessary or appropriate.").

Accordingly, Defendants' arguments about Rule 59(e) or Rule 60 motions to amend a final judgment do not apply, and the College is entitled to relief given the Court's summary judgment ruling, Dkt. No. 106, and for the reasons articulated in the College's Motion for Permanent Injunction and Declaratory Judgment, Dkt. No. 123.

### B. Because No Final Judgment Issued, the Order on Attorneys' Fees was Based on An Incorrect Premise

Fed. R. Civ. P. 54(d)(2)(B) provides: "Unless a statute or a court order provides otherwise, the motion must: (i) be filed no later than 14 days after the entry of judgment[.]" Fed. R. Civ. P. 54(d)(2)(B). The time for filing a motion for attorneys' fees does not start until a final judgment is entered. *See Cross v. Bragg*, 329 F. App'x 443, 458 (4th Cir. 2009).

In *Cross*, the Fourth Circuit found that a district court abused its discretion by denying a motion for attorneys' fees as untimely, by counting time from an order that was not a final judgment. *Cross v. Bragg*, 329 F. App'x at 458. That earlier order granted the plaintiffs summary judgment and some relief, but did not address all of the plaintiffs' requested remedies, and so could not be final. *Id.*

Similarly, and as discussed above, in this case there has been no final judgment, because although the Court granted the College's summary judgment motion, it has not addressed any of the College's requested remedies. *See* Dkt. Nos. 107-08. Thus, under Rule 54's timeliness requirement, the College is within the time for filing a motion for attorneys' fees, because the time for filing has not yet started to run.

However, Rule 54's timeliness requirement only applies if a statute or court order does not set a different deadline. Fed. R. Civ. P. 54(d)(2)(B). Here, this Court, relying upon the mistaken premise underlying the College's motion for an extension of time, ordered that the College's motion for attorneys' fees and costs would be due 21 days after the Fifth Circuit issued the mandate after the disposition of the defendants' appeal. Dkt. No. 110. That order's deadline was based entirely on whether the defendants appealed, and when any appeal was resolved. *Id.* However, the defendants' appeal was premature, because the order appealed from was not a final judgment.

Orders that do not resolve all of a plaintiff's claims for relief are not final judgments and may not be appealed. *See*, *e.g.*, *Liberty Mut. Ins. Co. v. Wetzel*, 424 U.S. 737, 740 (1976); *Shannon v. Jack Eckerd Corp.*, 55 F.3d 561, 563-64 (11th Cir. 1995) (finding that a district court order was not final, in part because it did not dispose of all of the plaintiff's relief requests, and therefore was not appealable).

*In Liberty Mutual*, the Supreme Court found that an order entering summary judgment for the plaintiffs was not a final judgment, and therefore the appellate court had no jurisdiction to hear the appeal. 424 U.S. at 740. Although the district court's order described itself as a final judgment, it did not grant the plaintiffs any relief:

> It is obvious from the District Court's order that respondents, although having received a favorable ruling on the issue of petitioner's liability to them, received none of the relief which they expressly prayed for in the portion of their complaint set forth above. They requested an injunction, but did not get one; they requested damages, but were not awarded any; they requested attorneys' fees, but received none.

424 U.S. at 742. The Court found that even if the order could have been characterized as a declaratory judgment in the plaintiffs' favor, the order did not address plaintiffs' request for injunctive and other relief. *Id.*

So too here. The College has received an order labeled a final judgment, which granted the College summary judgment, Dkt. No. 108, but includes "none of the relief" that the College "expressly prayed for" in the complaint, including the relief requested now: a permanent injunction and declaratory judgment. Therefore, the Amended Judgment is not a final judgment and was not appealable.

Accordingly, given that no final judgment has yet issued, the College asks the Court grant the request in the permanent injunction motion that any attorneys' fees petition be due 45 days from the entry of final judgment in this case.

## CONCLUSION

In light of the foregoing, Plaintiff Louisiana College respectfully requests that this Court grant its motion, enter a permanent injunction, issue a declaratory judgment with respect to Plaintiff's Religious Freedom Restoration Act claim, and extend the time to file for attorneys' fees.

7

Respectfully submitted this 11th day of October, 2018.

*/s/ Christian Lewis*
*Local Counsel*

*/s/ Gregory S. Baylor*

Gregory S. Baylor
  Texas Bar No. 01941500
ALLIANCE DEFENDING FREEDOM
440 First Street NW, Suite 600
Washington, D.C. 20001
Telephone: (202) 393-8690
Fax: (202) 347-3622
Email: GBaylor@ADFlegal.org

Christian Lewis
  Louisiana Bar No. 21987
300 Stewart St.
Lafayette, LA 70501
Telephone: (337) 233-1471
Fax: (337) 233-5655
Email: clewis@glennarmentor.com

David A. Cortman
  Georgia Bar No. 188810
ALLIANCE DEFENDING FREEDOM
1000 Hurricane Shoals Road NE,
Suite D-1100
Lawrenceville, GA 30043
Telephone: (770) 339-0774
Fax: (770) 339-6744
Email: DCortman@ADFlegal.org

Erik W. Stanley
  Arizona Bar No. 030961
Kevin H. Theriot
  Arizona Bar No. 030446
ALLIANCE DEFENDING FREEDOM
15100 N. 90th Street
Scottsdale, AZ 85260
Telephone: (480) 444-0020
Fax: (480) 444-0028
Email: EStanley@ADFlegal.org
Email: KTheriot@ADFlegal.org

*Attorneys for Plaintiff*

## **CERTIFICATE OF SERVICE**

I hereby certify that on October 11, 2018, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system which will send notification of such filing to all counsel of record.

                                                    */s/ Gregory S. Baylor*
                                                    Gregory S. Baylor