U.S. DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
RECEIVED

MAR 13 2019

TONY R. MOORE, CLERK
BY: _____MB_____
DEPUTY

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

---

| | |
|---|---|
| LOUISIANA COLLEGE | CASE NO. 12-CV-00463 |
| -vs- | JUDGE DRELL |
| KATHLEEN SEBELIUS, ET AL. | MAG. JUDGE PEREZ-MONTES |

---

### RULING

The original plaintiff in this litigation filed two motions within the same document (Doc. 123). We recount the procedural history of the case to clarify the underpinnings of this ruling and status of the case.

### I. Procedural History

The original complaint was filed by Louisiana College ("LC") seeking several forms of relief from this court. LC's main claim sought sanctuary under the Religious Freedom Restoration Act ("RFRA"), 42 U.S.C. § 2000bb, *et seq.* by judicial review of certain regulations requiring LC to, *inter alia*, self-certify that it was an "eligible organization" with a religious objection to providing contraceptive coverage in order to avoid the contraceptive mandate contained within the Patient Protection and Affordable Care Act ("ACA"), Pub. L. No. 111-148, 124 Stat. 119 (2010), which would otherwise require employers, like LC, to provide employee health benefits including contraceptives as a covered benefit.

As have many other similarly-situated organizations, LC asserted that the regulations promulgated by the United States Department of Health and Human Services ("HHS"), the United States Department of Labor ("DOL") and the United States Department of Treasury ("Treasury") (collectively, "Agencies") impermissibly infringed upon its sincerely held religious beliefs and

1

that it was entitled to an exemption from compliance with the both the contraceptive mandate and the self-certification exception based upon protections afforded to it by RFRA. (Docs. 1, 29, 77). LC's complaint initially sought injunctive relief. However, at that time, district courts across the country were simultaneously considering similar claims. Notably, because of the ruling of the Tenth Circuit Court of Appeals in Little Sisters of the Poor Home for the Aged, Denver, Colorado v. Burwell, 794 F.3d 1151 (10th Cir. 2015), LC voluntarily withdrew its demand for injunctive relief. (Doc. 102). In Zubik v. Burwell, 136 S.Ct. 1557 (2016), the United States Supreme Court consolidated many of these cases, including cases from the Fifth and Third Circuits in which injunctive relief was denied and, recognizing the emerging feasibility of a workable compromise between the ACA's contraceptive mandate and petitioners' sincere desire to take no part in the provision of such benefit, vacated the circuits' prior rulings and remanded them to their respective circuit courts for disposition without expressing any view on the merits of the several claims. Id. at 1560.

While factually significant in terms of the larger national issues of religious freedom, the Zubik decision had only marginal effect in the instant case, given LC's voluntary withdrawal of its motion for injunctive relief. In short, this court has not ruled on the merits of LC's prior motion for such relief. Instead, this case proceeded to decision on the merits by motion to dismiss and cross-motion for summary judgment. (Docs. 81, 91, 106, 107, 108). In our August 13, 2014 ruling and accompanying judgment, we found LC was entitled to relief under RFRA and ruled in LC's favor. Finding that the relief afforded under RFRA disposed of the issues, we did not address LC's constitutional claims. In addition, we designated our ruling as final. (Docs. 107, 107, 108).

The government appealed the ruling to the Fifth Circuit in October of 2014 and the appeal sat, essentially without action, until January 5, 2018. (Doc. 115). It is our understanding that this

delay is owed mostly to the route of Zubik toward and through the U.S. Supreme Court and the time awaiting a decision in that matter. In any event, on January 5, 2018, the government's appeal was voluntarily dismissed, and no further action was taken in this case until the current motion was filed in August of 2018. (Doc. 123).

I.  **Louisiana College's Current Requests**

LC makes three (3) current requests of this court. First, it takes the position that, because its motion for injunctive relief was withdrawn and before being argued before the court, the matter of injunctive relief is not final and a matter which might still be considered by this court. It asks this court for issuance of a permanent injunction in its favor recognizing its rights under RFRA in accordance with our prior ruling on the merits.

Next, LC asks for declaratory relief that, in the court's view, is identical to the injunctive relief described above. LC vaguely requests a declaration of relationship between the parties that entitles it to some relief greater than that previously granted by this court in 2014. Though, again, no detail is provided as to what specific traits this declaratory relief would possess to make it somehow better than relief already obtained, we understand that its purpose would be to act as a shield for this court's 2014 ruling and judgment. Recent edits to regulations intended to bolster the positions of entities like LC have generated a host of new litigation and this court is aware of the relative insecurity created by this climate. Inclusion of larger numbers and types of organizations within the ambit of religious objectors exempted from the ACA's contraceptive mandate now forms the basis of a multitude of lawsuits and, notably, nationwide injunctions. See, e.g. Pennsylvania v. Trump, 281 F.Supp.3d 553 (E.D. Pa. 2017).

While we understand LC's concerns, they do not translate into an actionable basis for relief in this court. LC is unable to articulate an actual harm at this point and, as such, this court would not

3

be able to articulate a specific relief and is not permitted to render hypothetical relief. <u>Gagliardi v. TJCV Land Trust</u>, 889 F.3d 2018 (11th Cir. 2018) (Florida court's invalidation of proposed government expenditure rendered appellants' claims moot because any relief that could be fashioned by the court would have been hypothetical and such advisory ruling violates the justiciability requirement of constitutional standing). Of course, should some future circumstance bring actual harm to the relief afforded to LC under this court's 2014 ruling, it is free to file suit to protect its rights under that ruling, based on facts as they would then exist.

Finally, LC requests leave to bring an out-of-time claim for attorney fees. The record in this case is clear that the issue of attorney fees is barred, making this third request for relief an equitable one. Specifically, as reflected in its original and supplemental complaints (Docs. 81, 91, 106, 107, 108), LC requested attorney fees early on in this litigation. Following issuance of the court's August 2014 ruling and judgment, LC requested an extension of time to file its motion for attorney fees, which was granted, permitting LC to file any such motion no later than 21 days after the issuance of a mandate by the U.S. Fifth Circuit Court of Appeals as to any appeal that might be filed by the government. (Doc. 110). As recounted above, that mandate was issued on January 5, 2018, giving LC until January 26, 2018 to file its motion for attorney fees. The record shows that LC filed no motion for attorney fees and the delay afforded by the court has long expired.

This matter lies within the court's sound discretion and, in the interest of thorough consideration, we note several aspects of the choice we must make. First, the request is justifiably opposed by the government because of its potential precedential effect. Second, the request's arrival, some seven (7) months after its due date, is excessive in its untimeliness and is not owed to excusable neglect. Third, this case was allowed to proceed to ruling and judgment without further request from LC along the way. The court finds that permitting LC to reopen the issue of

attorney fees at this time would neither be fair, nor appropriate and would substantially prejudice the government in this case. Based on these conclusions, LC's claim for leave to file its untimely attorney fee claim will be denied.

In conclusion, we express our mystification at these motions. LC possesses a favorable final judgment decreeing and describing the protection of its religious freedoms from the ACA and affiliated enactments. To grant the declaratory and/or injunctive relief LC seeks could conceivably reopen the underlying proceedings to litigation that, given the now-existing regulations and recent jurisprudence, may result in a less-favorable result. Recognizing the government's frank concession, on the record at oral argument, that the relief granted to LC by this court in 2014 is final and that the government is bound by it, the court is convinced that LC's current claims lack justiciability. Considering the foregoing, LC's claims for declaratory and injunctive relief will be denied.

The court will issue a judgment in conformity with these findings.

Alexandria, Louisiana
March 12, 2019

DEE D. DRELL, JUDGE
UNITED STATES DISTRICT COURT